FILED
2026 Oct-01 AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| JERRY LANDIS YARBROUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 5:26-cv-01368-EGL-JHE |
| | ) | |
| LIMESTONE COUNTY SHERIFF OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jerry Landis Yarbrough filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In accordance with the usual practices of this court, the petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for preliminary review. As explained below, the undersigned recommends that the court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) based on Mr. Yarbrough's failure to prosecute his claims.

### I. Analysis

On August 4, 2026 (the day after Mr. Yarbrough filed this action), the Clerk of Court entered a Prisoner Case Notice confirming that the case had been filed and informing Mr. Yarbrough of his obligations to keep the court apprised of his mailing address. (Doc. 2). The Clerk mailed that notice to Mr. Yarbrough by first class mail at the address he provided to the court: the Limestone County Jail in Athens, Alabama.

On August 6, 2026, the undersigned entered a notice of deficient pleading due to Mr. Yarbrough's failure to file an application to proceed *in forma pauperis* or pay the $5.00 habeas filing fee. (Doc. 3). The notice directed Mr. Yarbrough to correct the deficiency within 30 days and warned him that "[i]f he does not correct the deficiency by this deadline, the court may dismiss

this case for want of prosecution without further notice under Federal Rule of Civil Procedure 41(b)." (*Id.*). The Clerk mailed that notice to Mr. Yarbrough at the Limestone County Jail.

On August 25, 2026, the Prisoner Case Notice was returned to the court as undeliverable. (Doc. 4). A notation on the envelope stated: "Inmate Released Return to Sender." (*Id.*). On September 3, 2026, the undersigned entered an order directing Mr. Yarbrough to update his address within 14 days, again informing Mr. Yarbrough that noncompliance may result in the dismissal of his case without further notice. (*Id.*). The Clerk again mailed that order to Mr. Yarbrough at the Limestone County Jail.

The deadlines for Mr. Yarbrough to pay the filing fee or file a motion to proceed *in forma pauperis* (doc. 3) and to update his address (doc. 5) have both elapsed.[1] Accordingly, the undersigned recommends that the court dismiss this action based on Mr. Yarbrough's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## II. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) based on Mr. Yarbrough's failure to prosecute his claims.

## III. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation

[1] Docs. 3 and 5 have also been returned to the court as undeliverable. (*See* docs. 6 & 7).

has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

DONE this 1st day of October, 2026.



**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE